BULA E. CROKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32381.   Promulgated November 7, 1930.

*E. L. Mooney, Esq.*, for the petitioner.
*P. A. Bayer, Esq.*, for the respondent.

OPINION.

STERNHAGEN: Of the three issues originally raised by the petition, the first and second are conceded by respondent and need not be considered or decided. In the redetermination they will be adjusted favorably to petitioner.

The third issue is whether petitioner is entitled to deduct the $6,500 paid in the tax year 1922 for attorney's services and the printing of a brief in the litigation against her and her husband brought by her husband's children to set aside conveyances to her and to her and her husband jointly and to have her husband declared incompetent and his affairs administered. The deduction is claimed under Revenue Act of 1921, section 214 (a) (1), as an "ordinary and necessary expense paid or incurred during the taxable year in carrying on any trade or business."

There is no necessity seriously to question whether petitioner was carrying on a trade or business, for even so, it is our opinion that the fees paid in defending this suit were not ordinary and necessary expenses paid or incurred in carrying it on. Although the

institution and pendency of the litigation probably impaired the business operations of petitioner and her husband, this alone does not give the defense the character of an incident of the business. There is nothing to indicate that it grew out of the business, but it rather appears to have been the sort of litigation which would have been instituted and defended even if petitioner had merely been the grantee of properties from her husband, or had otherwise, as the children thought, benefited at their expense by taking advantage of their father's alleged incompetence. The fact that there may have been a business which incidentally may have suffered does not bring the cost of defending the suit within the statute. It is not, in our opinion, a proper deduction. *Marshall Field*, 42 Fed. (2d) 820; *David G. Joyce*, 3 B. T. A. 393.

We need not go so far as to call it a " personal, living or family expense " which is expressly nondeductible under section 215, nor need we say, with respondent, that this is a capital expenditure to be treated as part of the cost of the numerous properties involved in the suit. If the expenditure does not meet the statutory requirement, it can not be deducted, even though it may not properly be classified as a " capital expenditure." It is clear that there are expenditures which are not of a capital nature and yet do not meet the test of the statute. *Dome Mines, Ltd.*, 20 B. T. A. 377. Cf. *Chestnut Farms Dairy, Inc.*, 19 B. T. A. 192; *Dwight W. Williamson*, 17 B. T. A. 1112. Nor do we hold it to be a cost of clearing title to the properties as in *Phoenix Development Co.*, 13 B. T. A. 414; *Shaw-Hayden Building Co.*, 18 B. T. A. 949; *Ravlin Corporation*, 19 B. T. A. 1112. The outlay is deductible only if brought within section 214; and failing that, it was properly disallowed.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

---

SEAWELL, dissenting: I do not agree with the legal conclusion reached in this case. When it is found as facts that the taxpayer and her husband were engaged in the real estate business, and that this business was " tied " up for two years, by suit brought by the stepson as next friend to his father and that the $6,500 attorney fee was paid to defend the suit and by the defense the business was untied, then neither the *Joyce* case nor the *Field* case cited is, in my opinion, authority for the decision.

It is my opinion that the attorney fee paid under the circumstances detailed is a deductible ordinary and necessary business expense under section 214 (a) (1) of the Revenue Act of 1921.

LANSDON, SMITH, TRUSSELL, and VAN FOSSAN agree with this dissent.